**NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 25-3245
_____

UNITED STATES OF AMERICA

v.

JAMES P. ABRAMS,
            Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 3:22-cr-00190-001)
District Judge:  Honorable Malachy E. Mannion

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
April 2, 2026

Before: BIBAS, PHIPPS, and NYGAARD, *Circuit Judges*

(Opinion filed: April 21, 2026)
_____

OPINION[*]
_____

PER CURIAM

       James P. Abrams appeals pro se from the District Court's denial of his request for

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

compassionate release and its subsequent denial of reconsideration. The Government has filed a motion for summary action. For the reasons that follow, we grant the Government's motion and will summarily affirm the District Court's judgment.

Abrams is currently serving a term of imprisonment after a jury found him guilty of wire fraud, mail fraud, identity theft, money laundering, and related crimes. His 72-month sentence was below the Sentencing Guidelines range of 81-191 months, and he was ordered to pay about $1.2 million in restitution. *United States v. Abrams*, 165 F.4th 784, 792, 796 (3d Cir. 2026). His convictions stem from a scheme in which, "[t]o cozen funds for a clean energy startup, Abrams furnished prospective investors with forged documents and false information" and "then diverted investor funds for personal use and lied to investors to conceal his financial activities." *Id.* at 792. We upheld his convictions and sentence on direct appeal.[1] *Id.*

In 2025, less than a year into serving his sentence, Abrams filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) in the District Court, seeking release to home confinement due to his medical conditions. The Government opposed the motion. The District Court concluded that Abrams had not demonstrated extraordinary and compelling reasons that warranted a sentence reduction, and that even if he had, upon considering the factors under 18 U.S.C. §3553(a), a sentence reduction was not appropriate given the circumstances of his convictions. Abrams sought reconsideration, and after that motion was denied, he appealed.

---

[1] We also vacated a portion of an order and the amended judgment regarding attorneys' fees and remanded for further proceedings solely as to that issue. *Id.* at 792-93.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's decisions for abuse of discretion. *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020); *United States v. Dupree*, 617 F.3d 724, 732 (3d Cir. 2010). We may summarily affirm a district court's decision if the appeal fails to present a substantial question. *Murray v. Bledsoe*, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

We grant the Government's motion for summary action. The compassionate-release provision states that a district court "may reduce the term of imprisonment" and "impose a term of probation or supervised release" if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A). Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," *id.* § 3553(a)(1), as well as the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant," *id.* § 3553(a)(2)(A)-(C).

Under the abuse of discretion standard, we will not disturb a district court's denial of compassionate release "unless there is a definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Pawlowski*, 967 F.3d at 330 (alteration in original) (internal quotation marks and citation omitted). We discern no abuse of discretion in the District Court's conclusion that the § 3553(a) factors weighed against granting Abrams compassionate

3

release.[2]

Abrams has argued that his release was warranted because he had no prior criminal history. He has also maintained that because one victim provided a character letter in support of him, and because he self-surrendered to BOP custody, he was not a danger to the community.

However, the District Court discussed the serious nature of Abrams' offenses, which involved a complex scheme that harmed multiple victims and resulted in a loss of over $1 million dollars, before concluding that Abrams was still a significant danger to the community. Further, the District Court addressed the short period of time that Abrams had served — at that time, he had 58 months remaining on his sentence — and concluded that the remaining time was necessary to deter him from committing future criminal acts. *See id.* at 331 ("Because a defendant's sentence reflects the sentencing judge's view of the § 3553(a) factors at the time of sentencing, the time remaining in that sentence may — along with the circumstances underlying the motion for compassionate release and the need to avoid unwarranted disparities among similarly situated inmates — inform whether immediate release would be consistent with those factors."). Abrams' 72-month sentence was already a downward variance from the Sentencing Guidelines range of 81-191 months. The District Court explained that, under these circumstances, releasing Abrams to home confinement would not appropriately reflect the seriousness of

---

[2] Based on this conclusion, we need not decide whether Abrams demonstrated "extraordinary and compelling reasons" for his release. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

his offenses, promote respect for the law, or constitute just punishment for his offenses. On reconsideration, the District Court noted that it found the victim's letter perplexing, suggesting that Abrams remained a danger to the community if this victim and potentially others have remained vulnerable to his fraudulent representations.

Having carefully considered the record and Abrams' arguments, we do not have "a definite and firm conviction that [the District Court] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors," *id.* at 330, and do not perceive an abuse of discretion in the District Court's denial of reconsideration. Because this appeal does not present a substantial question, we grant the Government's motion for summary action, and we will summarily affirm the District Court's judgment.[3]

---

[3] Abrams' pending motions are denied.